UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 06-60053** |
| **VERSUS** | * | **JUDGE HAIK** |
| **MEL CREDEUR** | * | **MAGISTRATE JUDGE HILL** |

### WRITTEN REASONS FOR ORDER OF DETENTION

On March 21, 2007, the undersigned ordered the defendant detained pending trial. [rec. doc. 69]. Written reasons for the Order were not filed, an omission which the undersigned just noted. Accordingly, the following constitutes my written Reasons for ordering detention in this case.

An arrest warrant was issued for the defendant by the court on October 6, 2006 for violation of the conditions of pretrial release, specifically, that he violated the provisions of the pretrial release Order in that he failed to turn over the entirety of his client files to the proper authorities and that he continued to practice law in violation of the Order of the Louisiana Supreme Court, and in violation of the undersigned's Order that he comply with the Supreme Court's Order. Additionally, the defendant apparently committed theft during his release period. The defendant was arrested on that warrant. For the following reasons, the defendant is ordered **detained** pending trial.

### FINDINGS OF FACT

The defendant is unlikely to abide by any condition or combination of conditions of pre-trial release and no condition or combination of conditions will assure that the defendant will not pose a danger to the community.

## WRITTEN STATEMENT OF REASONS FOR DETENTION

The defendant clearly continued to hold himself out as a lawyer, and continued to receive funds from clients (allegedly for expenses relating to ongoing litigation) after his release on pretrial supervision, and after being specifically warned by the undersigned, in open court, not to do so. The government proved by clear and convincing evidence that the defendant committed theft by fraud, in violation of state law, by holding himself out as a practicing lawyer and receiving payments from one of his clients for "litigation expenses" which he did not incur and to which he was not entitled. Additionally, the government proved by overwhelming evidence that the defendant continued to practice law, and to hold himself out as a lawyer, in violation of the release order. Accordingly, I find that the defendant has violated the terms of his pretrial release.

Based on this violation and on the contents of the pretrial services report herein, I find that there is clear and convincing evidence that the defendant violated the terms of his pre-trial release, that the defendant is unlikely to abide by any conditions of release and that there is no condition or combination of conditions which will compel the defendant to abide by his conditions of his release.

Title 18 U.S.C. § 3148 provides that if, after hearing, the judicial officer finds probable cause to believe that the person released has committed a violation of state, local or federal law, or finds by clear and convincing evidence that the person has violated any of the terms of his release, the person shall be ordered detained if the judicial officer finds no condition or combination of conditions will reasonably assure the defendant's presence or reasonably protect the safety of the community, or that the person is unlikely to abide by any condition of release. 18 U.S.C. § 3148(b)(1).

Section 3148(b)(1) further provides that if there is probable cause to believe that the defendant, while on release, committed any violation of state, local or federal law, that a rebuttable presumption arises that no condition or combination of conditions will assure the defendant will not pose a danger to the safety of the community.

That presumption applies in this case, and was not rebutted at the hearing. Accordingly, the defendant was ordered detained pending trial.

## DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correction facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Lafayette, Louisiana, May 31, 2007.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE